TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Carol Lindsay*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Lindsay, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC a Georgia corporation, | **JURY TRIAL DEMAND** |
| Defendant. | |

1

NOW COMES THE PLAINTIFF, CAROL LINDSAY, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendant to this lawsuit is Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. Equifax is reporting a Judgment with case number 201212010J ("Bogus Public Record") on Ms. Lindsay's Equifax credit file.

7. In 2012, Mr. Robert Carlson filed a lawsuit against High Valley Group as well as other Defendants.

8. In April 2013, Mr. Robert Carlson filed an Amended Complaint, adding Carol Lindsay as a Defendant.

9. On September 5, 2014, the lawsuit was dismissed as to Carol Lindsay, as well as to other Defendants.

10. On or about March 28, 2016, Ms. Lindsay obtained her Equifax credit file and noticed that Equifax reported the Bogus Public Record.

11. On or about May 9, 2016, Ms. Lindsay submitted a letter to Equifax, disputing the Bogus Public Record. In this dispute letter, she stated that the Bogus Public Record was invalid and that the case was dismissed against her on 09/05/14. Ms. Lindsay attached a copy of the Civil Docket Review, confirming that she was dismissed from the lawsuit. She asked Equifax to delete the Bogus Public Record.

12. On or about May 23, 2016, Ms. Lindsay received Equifax's investigation results, which showed that Equifax retained the Bogus Public Record and updated it to state that it was satisfied.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

13. Plaintiff realleges the above paragraphs as if recited verbatim.

14. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Lindsay as that term is defined in 15 USC 1681a.

15. Such reports contained information about Ms. Lindsay that was false, misleading, and inaccurate.

16. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Lindsay, in violation of 15 USC 1681e(b).

17. After receiving Ms. Lindsay's consumer dispute to the Bogus Public Record, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

18. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Lindsay has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

19. Equifax is liable to Ms. Lindsay by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Lindsay as that term is defined in 15 USC 1681a.

22. Such reports contained information about Ms. Lindsay that was false, misleading, and inaccurate.

23. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Lindsay, in violation of 15 USC 1681e(b).

24. After receiving Ms. Lindsay's consumer dispute to the Bogus Public Record, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

25. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Lindsay has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

26. Equifax is liable to Ms. Lindsay by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: July 27, 2016

KENT LAW OFFICES

By: */s/ Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Carol Lindsay